UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MCKESSON CORPORATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No. 82-220 (RJL) |
| | ) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(August _____, 2013) [Dkt. #983]

On March 27, 2013, this Court entered judgment for McKesson Corp., *et al.*, ("McKesson" or "plaintiffs"), for damages, prejudgment interest, attorneys' fees, and costs incurred through June 30, 2012. *See* Order, Mar. 27, 2013 [Dkt. #982]. With respect to fees and costs incurred after June 30, 2012, the Court's Order provided that "plaintiffs are entitled to seek [such] additional fees and costs . . . and are hereby authorized to submit a further application for such fees and costs consistent with this Judgment[.]" *Id.* On April 16, 2013, McKesson filed a Motion for Supplemental Judgment, seeking $434,385 in fees and $17,073 in costs incurred between July 1, 2012 and April 15, 2013. *See* Pls.' Mot. Supp. J. [Dkt. #983]. Upon consideration of the parties' pleadings, applicable law, and the complete record in this case, the Court GRANTS plaintiffs' Motion for Supplemental Judgment.

## ANALYSIS

I find McKesson's requested lodestar amount of $434,385 to be reasonable based on the declaration submitted by Winston & Strawn partner Mark N. Bravin. *See* 2013 Bravin Decl. [Dkt. #983-1]. Mr. Bravin reviewed the time records and prepared the bills underlying McKesson's fee application. *See id.* at 2. The lodestar is based on standard hourly rates charged for 718.60 hours of lawyer time and 32.80 hours of paralegal time. *See id.* at 2–3. The exhibits to Mr. Bravin's declaration set forth the credentials of each attorney as well as specifics on their hourly rates and work performed. *See* Tabs 1, 2, and 4 to Bravin Decl.

For the same reasons discussed in my March 2013 Memorandum Opinion, I find McKesson's requested hourly rates to be reasonable. *See* Mar. 27, 2013 Mem. Op. [Dkt. #981] at 7–11. Both the 2012 and 2013 rates requested are consistent with the rates prevailing in Washington, D.C. for similar work by lawyers of comparable skill, experience, and reputation. I also find the number of hours billed to be reasonable based on the time records attached to Mr. Bravin's Declaration. *See* Tab 4 to Bravin Decl. These time records contain dated descriptions of all work performed by Winston & Strawn timekeepers on the case for the period July 1, 2012 to April 15, 2013. *See id.* The records describe the nature of the tasks performed, the attorney who performed each task, and the hours spent on each task. *See id.* They are sufficiently detailed to enable me to conclude that the tasks performed were appropriate and necessary, and the case was efficiently staffed. *See id.*

In addition to attorneys' fees, McKesson also incurred $17,073 in costs between June 1, 2012 and March 31, 2013. These costs range from computerized research costs to postage fees. They are typical of the costs that large firms incur and charge to their clients in this type of litigation, and I find them to be reasonable.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' Motion for Supplemental Judgment. [Dkt. #983]. The Court shall ORDER defendants to pay plaintiffs $434,385 in attorneys' fees and $17,073 in nontaxable costs. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge